IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01488-BNB

WILLIAM PENA-RIVERA,

    Applicant,

v.

J. M. WILNER, Warden, FCI - Florence,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 29 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, William Pena-Rivera, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. Mr. Pena-Rivera initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In an order filed on August 13, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies. On September 2, 2008, Respondent filed a preliminary response to the habeas corpus application. On September 17, 2008, Mr. Pena-Rivera filed a reply to the preliminary response.

The Court must construe liberally the application and reply filed by Mr. Pena-Rivera in this action because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*,

935 F.2d at 1110. For the reasons stated below, the application will be denied and the action dismissed.

Mr. Pena-Rivera currently is serving an eighty-month sentence for conspiracy to possess with intent to distribute heroin. His projected release date is May 6, 2010, via good-conduct-time release. He is challenging the BOP's determination that he is not eligible to receive a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). Section 3621(e)(2)(B) provides that the BOP may grant a sentence reduction of up to one year to inmates convicted of nonviolent offenses who successfully complete the Residential Drug and Alcohol Abuse Program. He argues that the two-point sentence enhancement for possession of a weapon should not disqualify him from earning the sentence reduction pursuant to § 3621(e)(2)(B). Mr. Pena-Rivera concedes that he is in the process of exhausting administrative remedies.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Pena-Rivera. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

The BOP administrative remedy procedure provides that informal resolution attempts must be completed and a formal grievance submitted within twenty days after the date on which the basis for the grievance occurred. *See* 28 U.S.C. § 542.14(a). The administrative remedy procedure also provides that a grievance must be submitted to the institution staff member designated to receive grievances, which ordinarily is a correctional counselor. *See* 28 C.F.R. § 542.14(c)(4). Finally, the BOP administrative remedy program provides specific deadlines for submitting regional and national appeals. *See* 28 C.F.R. § 542.15(a). Extensions of time may be granted to file either a grievance or an appeal if "the inmate demonstrates a valid reason for delay." 28 C.F.R. § 542.14(b). "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *See* 28 C.F.R. § 542.18. A grievance or appeal may be rejected for failing to comply with the requirements of the administrative remedy procedure. *See* 28 C.F.R. § 542.17(a).

As previously stated, Mr. Pena-Rivera concedes that he did not exhaust administrative remedies prior to filing the instant action. He concludes that because Respondent has taken the position that he is not eligible for the sentence reduction and will not revisit that determination, exhaustion of the administrative remedies available to him is futile. He argues that because exhaustion is futile, this action should not be dismissed for failure to exhaust administrative remedies.

The exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, Mr. Pena-Rivera's speculation that exhaustion would be futile does not excuse the required exhaustion process. He has not shown affirmatively that exhausting BOP remedies would be useless. *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981). Therefore, he fails to convince the Court that exhaustion of administrative remedies would be futile in the instant action. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that the motion to withdraw as attorney filed on October 14, 2008, by Hayley E. Reynolds because Paul Farley entered his appearance on October 14 on behalf of Respondent is granted.

DATED at Denver, Colorado, this 29 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01488-ZLW

William Pena-Rivera
Prisoner No. 04321-748
FCI-Florence
P.O. Box 6000
Florence, CO 81226-6000

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/29/08

                                      GREGORY C. LANGHAM, CLERK

                                      By: _____
                                                    Deputy Clerk